(No. 2697—

PETE STANLEY, ADMINISTRATOR OF THE ESTATE OF BILLIE ROE STANLEY, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1937.*

D. L. DUTY and GORDON FRANKLIN, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On July 10th, 1935 Pete Stanley, as Administrator of the Estate of Billie Roe Stanley, deceased, filed his complaint herein, in which he alleges in substance as follows:

1. That prior to and on May 16th, 1935 the respondent through its Department of Public Works and Buildings, was engaged in the construction, maintenance and repair of hard-surfaced roads, and particularly State Highway No. 147 extending in a northerly and southerly direction through the Village of Goreville, in Johnson County.

2. That on said date and for a long time prior thereto, respondent permitted an old abandoned well to exist on the right-of-way of said State Highway No. 147, adjacent to the thickly settled portion of the Village.

3. That such well was ten (10) or fifteen (15) feet deep and five (5) or six (6) feet in diameter; that the earth surrounding the well was caving into the same; and that a rotten and dilapidated barricade or curb was permitted to stand on the surface of the earth surrounding the well.

4. That such well was attractive to children of tender years, who had long been permitted to congregate and play in the vicinity of such well.

5. That all of such facts were known to the respondent, or by the exercise of reasonable care, might have been known to it.

6. That it was the duty of the respondent to keep and maintain such highway in good and safe repair and condition, and free from holes and pitfalls, and to safely barricade said well; that the respondent carelessly and negligently permitted said highway to be and remain in a dangerous and unsafe condition, and permitted said well to be and remain open and uncovered and with a dilapidated curb or barricade around the same.

7. That on the day aforesaid, plaintiff's intestate, Billie Roe Stanley, was an infant of the age of six (6) years, and lived close to the aforementioned well.

8. That on said day said child was attracted to such open, exposed and unguarded well, and while at play about the same, and as a direct result of the negligence of the respondent in maintaining such well on said highway, and the further negligence of the respondent in failing to safely guard and enclose the same, said child unavoidably fell into the water which had accumulated in such well and thereby came to his death.

9. That the conduct of the respondent as hereinbefore set forth, was wilful and wanton; and that the death of said

child was not the result of any want of care either on the part of such child, or on the part of anyone charged with his care.

10. That said decendent left him surviving his father and mother; that his father, Pete Stanley, was duly appointed administrator of the estate of said decedent, and as such administrator prosecutes this suit, in which he seeks to recover the sum of $10,000.00 on account of the death of said decedent.

The Attorney General has moved to dismiss the case for the reason that there is no liability on the part of the State under the facts set forth in the complaint. The claimant has moved to strike the respondent's motion to dismiss.

For the purpose of the motion to dismiss, the allegations of fact as set forth in the complaint must be taken as true.

Claimant bases his right to an award on either of the following grounds, to-wit:

1. Equity and good conscience.

2. Notwithstanding the general rule that the respondent, in the exercise of its governmental functions, is not liable for the carelessness and negligence of its servants and agents, yet the State should be held liable where the acts and conduct of the servants and agents are wilful or wanton and there is no contributory negligence on the part of the injured party.

In the case of *Crabtree* vs. *State,* 7 C. C. R. 207, after a careful consideration of the previous decisions of this court, we held that the law creating the Court of Claims did not create any new liability against the State, nor increase or enlarge any existing liability; that the liability of the State is limited to cases in which the State would be liable either at law or in equity, if the State were suable; and that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

In the case of *Titone* vs. *State,* decided at the January Term, 1937, the question here presented was again raised. The authorities were again reviewed, additional citations given, and the rule laid down in the Crabtree case was reaffirmed. Such rule has been applied in thirty (30) cases which are reported in Volume 8 of the Court of Claims Re-

ports, as well as in numerous other cases since decided which have not yet been published.

We have repeatedly held that the State in the construction and maintenance of its hard-surfaced roads is engaged in a governmental function, and that in the exercise of such functions, is not liable for the negligence of its servants and agents in the absence of a statute making it so liable; that the liability, if any, rests upon the negligent servant or agent, and not upon the State.

Counsel for claimant admit that such is the general rule, but contend that an exception to the general rule exists in cases where the acts and conduct of the servants and agents of the State are wilful or wanton, and where there is no contributory negligence on the part of the injured person.

Some years ago such an exception was recognized in several cases, but the court in subsequent decisions has refused to follow such rule, and it is no longer recognized by this court.

In the opinion denying a rehearing in the case of *George Franklin Garbutt, Admr.* vs. *State,* No. 2246, filed at the September Term, 1937, the question here under consideration was directly before the court, and we there held:

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants and agents, in the absence of a statute making it so liable. The purported exception has no basis in law, and is no longer recognized by this court."

The law as laid down in the Garbutt case was re-affirmed in the case of *Durkicwiecz* vs. *State,* No. 2484, decided at the same term.

Under the law as above set forth, there is no liability on the part of the respondent.

The departmental report of the Division of Highways referred to in claimant's statement, indicates that the well was to be filled by the contractor, but that the sub-contractor for personal reasons failed to fill the same. As to whether there is any liability on the part of the contractor or subcontractor, we express no opinion. In any event, there is no liability on the part of the State.

The motion of the claimant to strike is denied, and the motion of the Attorney General to dismiss is sustained.

Case dismissed.